IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>SOUTHERN DIVISION</u>

| | |
|---|---|
| NATIONWIDE ASSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 04-PWG-3383-S |
| | ) |
| MARY SEXTON, MONTEZ LOWERY, ET AL., | ) |
| | ) |
| Defendants. | ) |

<u>FINDINGS AND RECOMMENDATION</u>

On December 6, 2004 Mary Sexton, defendant in the above captioned declaratory judgment action, filed in the Circuit Court of Jefferson County, Alabama, a complaint for damages incurred as a result of a May 16, 2004 traffic accident. Ms. Sexton's complaint alleged that Montez Lowery negligently and/or wantonly operated a motor vehicle which was owned by Natosha Minnifield in a manner such that he caused an accident in which Ms. Sexton was injured. (Counts one and two). Count three of the complaint alleged that defendant Natosha Minnifield had negligently entrusted her vehicle to Lowery who in turn caused the accident resulting in the injury to Ms. Sexton.[1] Nationwide Assurance Company filed this declaratory judgment action pursuant to the Federal Declaratory Judgment Act and Rule 57 of the *Federal Rules of Civil Procedure*. Nationwide contends that it is entitled to a determination and definition of the nature and extent of coverage obligations to Montez Lowery pursuant to the policy issued to Natosha Minnifield in addition to the nature and extent of any recovery obligations if any which may exist in favor of Mary Sexton. (Doc. #1). Mary Sexton has filed a motion to dismiss the declaratory judgment action or, in the

---

[1]  Count four of the complaint sought uninsured or under-insured motorist coverage from Ms. Sexton's insurance company identified as Progressive Casualty Insurance Company.

alternative, to abstain from considering or, in the alternative, staying the declaratory judgment action. (Doc. #7). Nationwide has filed a response. (Doc. #11). Ms. Sexton has filed a supplemental brief in opposition. (Doc. #12).

The matter is before the undersigned magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b); Rule 72 of the *Federal Rules of Civil Procedure*; LR 72.1; and the General Orders of Reference dated July 25, 1996, May 8, 1998, as amended July 27, 2000.

## THE DECLARATORY JUDGMENT ACT

The Declaratory Judgment Act provides, in part, that "[i] a case of actual controversy within its jurisdiction, ..., any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is available or could have been sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. See 28 U.S.C. § 2201(a). "Since its inception, the [Declaratory Judgment Act] has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Old Republic Union Insurance Company v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1260 (11th Cir. 1997) (quoting *Wilton v. Seven Falls Co.,* 515 U.S. 277, 284, 115 S.Ct. 2137, 2142, 132 L.Ed.2d 214 (1995)). "Consistent with the non-obligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment...." *Wilton v. Seven Falls Co.*, 515 U.S. at 288, 115 S.Ct. at 2143. In *Ameritas Variable Life Insurance Company v. Roach*, 411 F.3d 1328 (11th Cir. 2005), the Eleventh Circuit recently emphasized that "the Declaratory Judgment Act is 'an enabling act which confers a discretion on courts rather than an absolute right upon litigants.'" *Id*. at p._____, citing *Wilton*, 515

U.S. at 287, 115 S.Ct. at 2137. The Court of Appeals made clear that the Declaratory Judgment Act merely provides a federal court with competence to make a declaration of rights, but that it does not impose a duty to do so. See *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491, 494, 62 S.Ct. 1173, 1186, 1620 (1942). In many cases "'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit when another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties.'" *Ameritas Variable Life Insurance Company*, 411 F.3d at ____, quoting *Brillhart*, 316 U.S. 495, 62 S.Ct. 1173.

The general principles of the Act and the Supreme Court's emphasis on the questions of federalism, efficiency and comity, the appellate court established a non-exhaustive list of factors for consideration to aid district courts in balancing state and federal interests. Those factors include:

(1) The strength of the state's interest in having the issue raised in a federal declaratory judgment action decided in state court;

(2) Whether the judgment in the federal declaratory judgment action would settle the controversy;

(3) Whether the federal declaratory action would serve as a useful purpose in clarifying the legal relations at issue;

(4) Whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' – that is, to provide an arena for *res judicata* or to achieve a federal hearing in a case otherwise not removable;

(5) Whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdictions;

(6) Whether there is an alternative remedy that is better or more effective;

(7) Whether the underlying factual issues are important to an informed resolution of the case;

>   (8)  Whether the state trial court is in a better position to evaluate those factors than is the federal court; and
>
>   (9)  Whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal, common or statutory law dictates a resolution of the declaratory judgment action.

*Id.* at p. _____.

The procedural posture of the action in state court is relevant to a consideration of the issues to be resolved here. Ms. Sexton avers that she has obtained service of process on Montez Lowery, the driver of the vehicle, and upon Progressive Casualty Insurance Company. However, at the time of filing her response Ms. Sexton had not been able to obtain service on Natosha Minnifield. She observes that her causes of action arise out of the defendant's conduct, including the negligent and/or wanton operation of the motor vehicle owned by Minnifield and operated by Lowery. She notes that the action was brought pursuant to the substantive laws of the State of Alabama. Ms. Sexton states that certain discovery requests that she has made in the state court relate directly to the issues presented in the complaint for declaratory judgment filed by Nationwide. In this court Nationwide has sought the entry of a default against Montez Lowery in the declaratory judgment action. Mr. Lowery is unrepresented in the declaratory judgment action although Nationwide has secured counsel to represent Mr. Lowery in the state court action pursuant to a reservation of rights.[2]

In seeking the declaratory judgment, Nationwide asserts the common claim that it is entitled to a determination of its duty to defend whether or not it has been determined to be liable to

---

[2] For reasons more fully set forth below the court will not consider the entry of default in that the declaratory judgment action should not be heard in this court and whatever issues relate to the petition here are more appropriately heard in the Circuit Court of Jefferson County.

indemnify either Montez Lowery or its insured Natosha Minnifield.[3/] Nationwide asserts that if the court were to conclude that there is no duty to defend Montez Lowery, then there can be no duty to indemnify him. Nationwide contends that "the only question posed to this court by Nationwide is whether Montez Lowery was 'a permissive user' of a policy. Under the policy, if Montez Lowery was a permissive user of the vehicle then there is both a duty to defend and indemnify." (Doc. #11, p.6, Nationwide's response to the motion to dismiss). Such issues are resolved from the language of the policy in light of the contract law of the state of Alabama, and Alabama case law applying the contractual rules of the state to the particular policies. The declaratory judgment statute is not itself jurisdictional and because Nationwide asserts that the court has jurisdiction based on diversity of citizenship, the court must apply the substantive law of the forum state, in this case Alabama. See *Gasperini v. Center of Humanities, Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996).

Whether an individual is a permissive user under Alabama law is generally a question of fact. *Progressive Insurance Company v. Case*, 571 So.2d 307 (Ala. 1990). Such determinations are frequently made by Alabama courts in a declaratory judgment proceeding. See *Alabama Insurance Guaranty Association v. Hollingsworth*, 613 So.2d 1204 (Ala. 1993). It would appear that Ms. Minnifield who is not a party in the declaratory judgment action in this court would be needed to establish the scope of the permission if any.[4/] Alabama law controls both the scope of permissive use and the insurance company's obligations under a policy. See *Alfa Mutual Insurance Company v. Small*, 829 So.2d 743 (Ala. 2002).

---

[3/] Nationwide does not challenge its obligation to defend Ms. Minnifield.

[4/] The argument of whether Ms. Minnifield is or is not a necessary party under Rule 19 of the *Federal Rules of Civil Procedure* misses the point. The issue is whether the state court or the federal court has jurisdiction over all of the parties and/or witnesses. There is simply no superiority to the federal forum.

In assessing the factors discussed in *Ameritas* it is clear that the declaratory judgment in this court should not proceed because:

(1) The issues raised in the federal declaratory judgment action are virtually identical to issues raised within the state court and the state has an interest in determining the nature and scope of its contractual rules;

(2) A judgment in the federal action would not settle the controversy in part because the resolution is predicated upon both factual and legal assessments;

(3) The federal declaratory action would not serve a useful purpose in clarifying the legal relations at issue to any extent greater than the same declaration which would be made by the court of competent jurisdiction in the state of Alabama;

(4) The use of the declaratory judgment action in this case could encroach upon the state court's determination of its own law.

There is an alternative state court remedy that is at least effective if not more effective than the federal declaratory judgment action. There are factual issues which are important to an informed resolution of the case not the least of which is the scope of the permission if any afforded to Montez Lowery by Ms. Minnifield.

After consideration of the status of this case and the applicable law the magistrate judge RECOMMENDS that this court decline to exercise jurisdiction over the petition and this matter be dismissed.

The parties are DIRECTED to Rule 72(b), *Federal Rules of Civil Procedure*.

As to the foregoing it is SO ORDERED this the 26th day of July, 2005.

_____
PAUL W. GREENE
CHIEF MAGISTRATE JUDGE